UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMMIE L. BOOKER-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14 CV 2012 |
| | ) |
| UNITED STATES DISTRICT COURT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Sammie L. Booker-El, a *pro se* prisoner, filed a complaint without paying the filing fee. However, Booker-El is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) because he has on three or more prior occasions filed a complaint or appeal which did not state a claim for which relief could be granted. This is commonly known as the "Three Strikes Rule" and Booker-El has accumulated six strikes:

> (1) *Booker v. Pugh*, 3:10-CV-007 (N.D. Ind. filed January 5, 2010). Case dismissed pursuant to 28 U.S.C. § 1915A on January 14, 2010;
> (2) Booker v. Superintendent, 3:10-CV-017 (N.D. Ind. filed January 13, 2010). Case dismissed pursuant to 28 U.S.C. § 1915A on January 22, 2014;
> (3) *Booker-El v. Pugh*, 3:10-CV-206 (N.D. Ind. filed May 21, 2010). Case dismissed pursuant to 28 U.S.C. § 1915A on May 27, 2010.
> (4) *Booker-El v. Wilson*, 3:10-CV-222 (N.D. Ind. filed June 1, 2010). Case dismissed pursuant to 28 U.S.C. § 1915A on June 16, 2010; and
> (5) *Booker-El v. Pugh*, 10-2490 (7th Cir. filed June 21, 2010). Denied leave to appeal *in forma pauperis* by the Seventh Circuit on December 30, 2010, because the appeal was frivolous.
> (6) *Booker-El v. Wilson*, 10-3000 (7th Cir. filed August 26, 2010). Denied leave to appeal *in forma pauperis* by the Seventh Circuit on December 30, 2010, because the appeal was frivolous.

It is not news to Booker-El that he has "struck out." This court has informed him of that fact twice before:

(1) *Booker-El v. Pugh*, 3:10-CV-206, order denying leave to appeal *in forma pauperis* on June 24, 2010; and

(2) *Booker-El v. Trotter*, 3:10-CV-251, order denying leave proceed *in forma pauperis* on July 9, 2010.

An inmate with three or more strikes "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Booker-El is suing the United States District Court complaining about the filing fees he is paying in his many frivolous cases and appeals. This is not an allegation of imminent danger of serious physical injury. Thus, he may not proceed *in forma pauperis* and this case must be dismissed. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

> Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Id.*

Thus, this case will be dismissed, the filing fee assessed, and Booker-El restricted until he has paid in full all outstanding filing fees and sanctions. The restriction

imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **ORDERS** the plaintiff **Sammie L. Booker-El, IDOC # 127170** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(3) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of Sammie L. Booker-El (except for a notice of appeal in this case or unless filed in a habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(5) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

Date: November 25, 2014

                                        s/James T. Moody  
                                        JUDGE JAMES T. MOODY  
                                        UNITED STATES DISTRICT COURT